United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-40458
Summary Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SEFERINO OROZCO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1976-ALL
--------------------

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Seferino Orozco pleaded guilty to possession with intent to
distribute more than five kilograms of cocaine and was sentenced
to 70 months in prison.  Orozco's first contention, which
challenged our precedents holding that properly calculated
guidelines sentences are presumed to be reasonable, has been
mooted by the decision in Rita v. United States, 2007 WL 1772146
(U.S. June 21, 2007) (No. 06-5754).  Orozco's second argument is
that his sentence is unreasonable because he requested a sentence
below the guidelines range and that the district court imposed

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence without considering all of his reasons for a lower sentence and without giving sufficient weight to his arguments about the 18 U.S.C. § 3553 factors. He does not contend that the guidelines range was improperly calculated.

A sentence within a properly calculated guidelines range is entitled to great deference. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). In reviewing such a sentence, we merely ask whether the district court abused its discretion in imposing it. Rita, 2007 WL 1772146, *9.

We reject Orozco's contentions. Our review of the record does not reveal that the district court failed to address the sentencing factors set forth in § 3553(a). The district court was aware of Orozco's personal history and characteristics and listened at length to his counsel's arguments on those subjects and reviewed the evidence that he presented. The record also shows that the district court did not give undue weight to the quantity and type of drug that was illegally in his possession at the time of his arrest.

Contrary to Orozco's assertions, the district court did not refuse to take into account various factors that he brought to its attention. Additionally, the district court did not take into account any factors that were irrelevant to Orozco's crime. We find no error of judgment in the district court's balancing of the statutory sentencing factors.

Orozco has not shown that his sentence is unreasonable.

The judgment of the district court is AFFIRMED.